1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7    BRIAN IZUMI,                          )
                                           )
8                        Plaintiff,        )      2:11-cv-00803-RLH-CWH
                                           )
9    vs.                                   )      ORDER
                                           )
10   COX COMMUNICATIONS                    )
     LAS VEGAS, INC.,                      )
11                                         )
                         Defendant.        )
12   _____)

13          This matter was referred to the undersigned Magistrate Judge on Defendant Cox

14   Communications Las Vegas, Inc.'s Motion to Temporarily Stay Discovery Pending a Ruling on

15   Its Motion for Judgment on the Pleadings (#15); Plaintiff's Response (#18); Plaintiff's Counter-

16   Motion to Stay All Proceedings until Plaintiff's Counter-Motion to Remand to State Court is

17   Decided (#19); Defendant's Response to Plaintiff's Counter-Motion to Stay All Proceedings

18   until Plaintiff's Counter-Motion to Remand to State Court is Decided (#26); and Plaintiff's Reply

19   (#29).

20                              **BACKGROUND**

21          On February 2, 2011, Plaintiff Brian Izumi ("Plaintiff") filed this one-count class action

22   against Defendant Cox Communications Las Vegas, Inc. ("Cox") alleging violations of Nevada

23   Revised Statute (NRS) 608.150.  The case was originally filed in state court, however, Cox

24   removed the action to this Court pursuant to 28 U.S.C. § 1332.  *See* Pet. for Removal (#1).

25   Shortly after removal, Cox filed a motion requesting judgment on the pleadings pursuant to Fed.

26   R. Civ. P. 12(c) requesting that this case be dismissed as it is identical in virtually every respect

27   to a prior suit brought against it wherein Judge Pro ruled that Cox was not an "original

28

contractor" for purposes of liability under NRS 608.150.[1]  *See* Def.'s Mot. (#13).  Cox then filed a motion requesting that discovery be stayed in this matter pending resolution of its dispositive motion.  Def.'s Mot. to Stay (#15).  Citing Judge Pro's prior rulings in *Valdez*, Cox asserts that staying discovery in this action is appropriate given the "high probability" that Cox will prevail on its motion for judgment on the pleadings.  *Id*. at p. 2, ¶ 3.

In response, Plaintiff filed a counter-motion to stay (#19) wherein he agreed that discovery should be stayed but argued that <u>all</u> proceedings, including disposition of Cox's motion for judgment on the pleadings, should be stayed until there is a ruling on Plaintiff's motion to remand (#17).  Plaintiff asserts that because his motion for remand calls into question whether the court has subject-matter jurisdiction over this dispute, it is appropriate for the court to address it before it addresses any other pending matters, including Cox's motion for judgment on the pleadings, and before the parties engage in any discovery.  *See* Pl.'s Mot. (#19) at 2:4-10.

## DISCUSSION

Courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.[2]  Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery."  *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6  (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).  Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues.  *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied."  *Id*. (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).  "Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding

---

[1] <u>See</u> Orders (#133) and (#226) in *Joseph Valdez, et al. v. Cox Communications Las Vegas, Inc. et al.*, Case No. 2:09-cv-1797-PMP-RJJ (2009).

[2]  Both Plaintiff's motion for remand (#17) and Cox's motion for judgment on the pleadings (#13) are potentially dispositive.

1   of the likelihood of success on the motion." *Id*. (citation omitted).[3]

2        While a more lenient standard may avoid the burden and expense of discovery in cases

3   that are ultimately dismissed on the pleadings, the standard in the District of Nevada remains as

4   set forth in *Turner Broadcasting* and *Twin City Fire.*  These decisions are consistent with long

5   standing Ninth Circuit case law.  Dispositive motions are a frequent part of federal practice.  An

6   overly lenient standard for granting motions to stays due to pending dispositive motions would

7   result in unnecessary delay in many cases.  This is particularly true where no discovery requests

8   have yet been served and the court lacks the ability to assess the breadth of the discovery and the

9   prejudice, if any, that a defendant will suffer in responding to the requests. *See Brooks v.*

10   *Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010).

11        Here, the Court agrees with Defendant Cox that this matter should be stayed until a ruling

12   has been entered on its motion for judgment on the pleadings (#13).  Comparing the pleadings in

13   this case with the pleadings in *Joseph Valdez, et al. v. Cox Communications Las Vegas, Inc. et*

14   *al.*, Case No. 2:09-cv-1797-PMP-RJJ (2009) and the results of that case, it appears that Cox's

15   motion for judgment on the pleadings has merit.  According to his complaint, Plaintiff is a former

16   employee of Pride Communications and while thus employed "performed various work"

17   including installing, altering, modifying and constructing "communication service equipment and

18   facilities" for Defendant Cox.  *See* Ex. C attached to Def.'s Mot. (#13).  Plaintiff alleges that

19   Pride Communications wilfully failed to pay him overtime wages in violation of the Fair Labor

20   Standards Act, 29 U.S.C. § 206 *et seq.*, as well as Nevada law for work performed on behalf of

21   Defendant Cox and that Cox is liable as an "original contractor" under NRS 608.150(1).[4]

22

23        [3] Other federal courts apply a more lenient standard in deciding whether discovery should be stayed pending a decision on a potentially dispositive motion.  See *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192

24   F.R.D. 284, 286 (S.D.Cal. 2000) (adopting the test set forth in *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997) that the court should take a preliminary peek at the merits of the allegedly dispositive motion "to see if on its face there appears to be an *immediate and clear possibility* that it will be granted.");

25   *see also Brooks v. Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010) (suggesting that a stay of discovery may be appropriate where the potentially dispositive motion "appears to be not unfounded in the law.").

26        [4] NRS 608.150(1) provides: "[e]very original contractor making or taking any contract in this State

27   for the erection, construction, alteration or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by

28   or for the original contractor in performing any labor, construction or other work included in the subject of the original contract, for labor ...."

1   The court in *Valdez* (*see supra*. at n. 1) addressed virtually identical factual and legal

2   claims and held that "NRS 608.150 is expressly limited to original contractors engaged in the

3   erection, construction, alteration or repair of any building or structure, or other work."  *See* Order

4   (#133) in *Joseph Valdez, et al. v. Cox Communications Las Vegas, Inc. et al.*, Case No. 2:09-cv-

5   1797-PMP-RJJ (2009)).  The *Valdez* court  found that a plain reading of NRS 608.150 did not

6   support a finding that Cox was an "original contractor" for purposes of liability under the statute

7   because Cox is not engaged in the construction business.  *Id*.  Based on the factual and legal

8   similarities between this case and the *Valdez* case, the Court finds that the requested stay is

9   appropriate.

10   The Court also agrees with Plaintiff that a stay would be appropriate based on the

11   jurisdictional claim raised in his motion to remand (#17) that Cox cannot meet the amount "in

12   controversy" requirement necessary to invoke this court's jurisdiction under 28 U.S.C. § 1332(a).

13   Whether a federal court has jurisdiction to hear a case is an important preliminary issue that

14   generally warrants a stay.  *Turner Broadcasting Systems*, 175 F.R.D. at 555-6.  Plaintiff goes

15   further and requests that the Court stay its decision on Cox's pending motion for judgment on the

16   pleadings (#13) until the jurisdictional issue is addressed.  Respectfully, the Court notes that it is

17   aware of the order in which to address pending motions and will not enter a stay against itself.

18   Accordingly,

19   **IT IS HEREBY ORDERED** that Defendant Cox Communications Las Vegas, Inc.'s

20   Motion to Temporarily Stay Discovery Pending a Ruling on Its Motion for Judgment on the

21   Pleadings (#15) is **granted**.

22   **IT IS FURTHER ORDERED** that Plaintiff's Counter-Motion to Stay All Proceedings

23   until Plaintiff's Counter-Motion to Remand to State Court is Decided (#19) is **denied**.

24   DATED this 31st day of August, 2011.

25

26   _____
     C.W. Hoffman, Jr.

27   United States Magistrate Judge

28