# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN IZUMI, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COX COMMUNICATIONS LAS VEGAS, INC.,<br><br>　　　　　　Defendant. | Case No.: 2:11-cv-00803-RLH-CWH<br><br>**O R D E R**<br><br>(Motion to Remand–#17;<br>Motion for Judgment on the Pleadings–#13) |

　　　　　Before the Court is Plaintiff Brian Izumi's **Motion to Remand** (#17, filed July 19, 2011) based on a lack of subject matter jurisdiction.  The Court has also considered Cox Communications Las Vegas, Inc.'s Opposition (#24, filed Aug. 5), and Izumi's Reply (#28, filed Aug. 15).

　　　　　Also before the Court is Cox's **Motion for Judgment on the Pleadings** (#13, filed July 7).  The Court has also considered Izumi's Opposition (#16, filed July 19), and Cox's Reply (#25, filed Aug. 5).

## BACKGROUND

　　　　　This is a wage and hour dispute brought under NRS 608.150, wherein Izumi alleges he was not paid for relevant overtime and other work.  Izumi filed this action in the Eighth Judicial

District Court for the State of Nevada ("State Court") on February 2, 2011 (though service was not made until April 28). Cox then timely removed the case to this Court on May 17. Now before the Court are Cox's motion for judgment on the pleadings and Izumi's motion to remand. For the reasons discussed below, the Court grants Izumi's motion and remands this case to State Court. As the Court remands the case, it denies the motion for judgment on the pleadings as moot.

## DISCUSSION

The Court first addresses the Motion to Remand because granting the motion to remand requires the Court to deny the motion for judgment on the pleadings as moot because it lacks subject matter jurisdiction over this dispute.

### I.  Motion to Remand

#### A.  Standard

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the Court has original jurisdiction. The burden of establishing jurisdiction is placed on the party seeking removal. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984). If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). However, the district court should deny a motion to remand to state court if the case was properly removed to federal court. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115

1  (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth
2  Circuit has adopted the "practice of considering facts presented in the removal petition as well as
3  any 'summary-judgement-type evidence relevant to the amount in controversy at the time of
4  removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)
5  (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)).

6  **B.     Analysis**

7  For jurisdictional purposes, the amount in controversy is determined by the amount
8  at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th
9  Cir. 2005). In determining the amount in controversy, a district court may consider the amount of
10 compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney
11 fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d
12 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).
13 However, "a class action, when filed, includes only the claims of the named plaintiff or plaintiffs.
14 The claims of unnamed class members are added to the action later, when the action is certified as
15 a class under Rule 23. There thus cannot be 'original jurisdiction' within the meaning of [28 U.S.C
16 § 1332] subsection (a) over the claims of unnamed class members." *Gibson v. Chrysler Corp.*,
17 261 F.3d 927, 940 (9th Cir. 2001). Further, attorney's fees sought by a proposed class cannot be
18 attributed solely to the named plaintiff. *Id.* at 942-43; *see also Kanter v. Warner-Lambert Co.*, 265
19 F.3d 853, (9th Cir. 2001) ("any potential attorneys' fees award in this class action cannot be
20 attributed solely to the named plaintiffs for purposes of amount in controversy.")[1]

---

[1] The Court notes that Cox cites both of these cases asserting that they support Cox's position. This is perplexing. Both cases definitely contemplate using potential attorney's fees awards in determining the amount in controversy as Cox claims, however, both are clear that where a statute (such as NRS 18.010) allows for an attorney's fees award to a successful or prevailing party, and not specifically to class representatives, the entire potential attorney's fee award cannot be attributed to the representative party. And the Court, *unlike Cox*, uses pin cites to point the reader to the relevant portions of the cases. The Court advises Cox's counsel to properly pin cite ***all*** legal citations when practicing before this Court in the future, not just those citations she prefers.

Here, defendants do not argue that Izumi's claim for unpaid wages exceeds $75,000, merely that his eventual claim for attorney's fees will exceed $75,000. Yet, Izumi explicitly agreed to limit any individual recovery to less than $75,000. (Dkt. #17, Mot. Ex. J, Proposed Stipulation.) Rather than accepting this proposed stipulation, Cox demanded that Izumi agree to limit any attorney's fee award sought by the class (assuming a class is certified). (*Id.* Ex. K, Counter-Proposed Stipulation.) The Court takes umbrage with Cox's assertion that Izumi has refused to stipulate that he will not seek damages, including attorney's fees, in excess of $75,000 as this is precisely what Izumi agreed to stipulate. (*Id.* Ex. J, Proposed Stipulation.) The Court can conceive of no other way to read Izumi's proposed stipulation and Cox's counter-proposed stipulation (*id.* Ex. K) goes far beyond what is necessary for remand. Thus, the Court is satisfied that Izumi has shown he does not seek more than $75,000, including attorney's fees, and Cox's arguments to the contrary are exceedingly unpersuasive.

Izumi also seeks his attorneys fees for bringing this motion. The Court declines to grant attorney's fees in this case.

## II. Motion for Judgment on the Pleadings

Since the Court remands this case, the Court denies the motion for judgment on the pleadings as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Izumi's Motion to Remand (#17) is GRANTED.

IT IS FURTHER ORDERED that Cox's Motion for Judgment on the Pleadings (#13) is DENIED as moot.

Dated: November 21, 2011.

_____
ROGER L. HUNT
United States District Judge